UNITED STATES of America,
Plaintiff-Appellee,

v.

Rafael SANCHEZ and Luis Sanchez,
Defendants-Appellants.

No. 90-5749.

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1993.

Roy E. Black, Black & Furci, P.A., Miami, FL, for defendants-appellants.

Frank H. Tamen, Asst. U.S. Atty., Kathleen M. Salyer, Linda Collins Hertz, and Mary K. Butler, Asst. U.S. Atty., Miami, FL, for appellee.

Before FAY and EDMONDSON, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

Appellants, defendants in the District Court, petitioned for rehearing with a suggestion for rehearing *en banc*. At the time of such petition, *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), stood as controlling precedent. Although we applied *Grady* to appellants' benefit, appellants' petition for rehearing argued that *Grady* afforded them more relief than we found appropriate. Now, *Grady* has been overruled. *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993). Consequently, there is no merit in appellants' petition for rehearing urging an extension of *Grady*. The same is DENIED.

Our mandate, delayed by appellants' timely petition for rehearing, has not issued. In light of *Dixon*, and before the decision becomes final, it is properly the subject of our *sua sponte* reconsideration.[1] Upon such reconsideration, the court ORDERS as follows:

Section IIB of the opinion, 992 F.2d 1143 (11th Cir.1993), is deleted. In its stead we substitute the following:

1. The government filed an untimely petition for rehearing which came to us contemporaneously

with the opinion in *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The untimeliness of this petition need not be addressed in light of our decision to reconsider the case *sua sponte*.

In *Dixon*, the Supreme Court renounced the "same-conduct" test enunciated in *Grady*[2] and reaffirmed the analysis in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which focused on the elements of the crime rather than the conduct comprising the offense. *Dixon*, —— U.S. at ——, 113 S.Ct. at 2860–61. The question now before the court is whether, under the *Dixon/Blockburger* standard, any of the offenses in the second indictment required proof of a statutory element which was not required for any one offense charged in the Puerto Rico prosecution.

At least in cases of cumulative punishment, *Blockburger* has been considered a yardstick of legislative intent. *See e.g., Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). The circumstances of this case do not lend themselves, however, to the *Blockburger* analysis of legislative intent. The statutes under which Rafael and Luis Sanchez were charged were drafted by two distinct legislatures, albeit, as we have seen, legislatures of the same sovereign. In this case, we can draw no conclusions from an application of *Blockburger's* legislative intent analysis—or, at best, the most tenuous conclusions—for the Congress and the Puerto Rico legislature hardly intended the statutes each drafted to share space in the same criminal code.

Despite the awkward fit between *Blockburger* and this case, the larger lesson drawn from the Supreme Court's recent overturning of *Grady* and reassertion of *Blockburger* is that the double jeopardy clause will not bar either cumulative punishment or successive prosecution where each charged offense differs in one substantive respect from each other charge. As announced in *Dixon*, "[the inquiry is] whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeop-

ardy bars additional punishment and successive prosecution." *Dixon*, —— U.S. at ——, 113 S.Ct. at 2856. As the test now stands, it is difficult to see many circumstances under which the double jeopardy clause will place any check on a prosecutor who displays a minimum degree of care in crafting indictments.

Applying the "same-elements" test to this case, we are satisfied that the four Florida district court charges which we upheld in the original panel opinion under the more rigorous *Grady* standard are clearly sustainable under the looser *Dixon/Blockburger* approach. In the original opinion, we overturned the single charge of murder for hire on double jeopardy grounds because we found that the charge required proof of the same conduct as was prosecuted in the attempted murder charge. However, under the "same-elements" test, the murder for hire charge is sustainable. A critical statutory element of murder for hire is the promise of remuneration. 18 U.S.C. § 1958(a) (1989). A charge of attempted murder under the Puerto Rico code requires no proof of such an element, although it does require proof of an act unequivocally directed at the offense. P.R. Laws Ann. tit. 33 § 3121 (1989). Thus, each statute contains an element different from the other. While we previously concluded that the two charges impermissibly placed Rafael and Luis Sanchez twice in jeopardy for the same criminal behavior, we must conclude under *Dixon* that the charges are statutorily distinct.

No member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing *en banc*, the suggestion of rehearing *en banc* is denied.

The opinion of the district court is REVERSED as to its conclusion that Puerto Rico and the United States are separate sovereigns and is AFFIRMED in all other

---

2. *Grady* required that in addition to the *Blockburger* test, the government must satisfy a "same-conduct" test to avoid the double jeopardy bar. *Grady*, 495 U.S. at 510, 110 S.Ct. at 2087. *Dixon* simply eliminates this additional requirement.

*Dixon*, —— U.S. at ——, 113 S.Ct. at 2860 ("[t]he 'same-conduct' rule [*Grady*] announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.") (citations omitted).

respects.[3]

---

**3.** All other parts of the opinion remain unchanged.