## UNITED STATES OF AMERICA, Plaintiff
## v.
## IAN E. WILLIAMS, JR., Defendant

Criminal No. 1999-25

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 12, 1999

CURTIS GOMEZ, Assistant U.S. Attorney, St. Thomas, *for plaintiff*

CLAUDETTE FERRON, St. Thomas, *for defendant*

MOORE, *Chief Judge*

## I. INTRODUCTION

After argument on July 22, 1999, on the motion of Ian E. Williams, Jr. ["Williams"] to dismiss the indictment pending against him, the Court denied the motion from the bench. This Memorandum and Order memorialize that ruling.

Williams is charged in a three-count indictment. Count I charges that Williams from January 14 to 29, 1999 "did intentionally harass Brendaly Nazario [the mother of his children], and thereby hindered, delayed, prevented and dissuaded her from reporting to a law enforcement officer the possible commission of a federal offense, to wit, the deprivation of Nazario's rights under color of law" in violation of 18 U.S.C. § 1512(c)(2) ["federal witness tampering"]. Count II charges that in December 1998, Williams "did unlawfully assault another person, to wit Brendaly Nazario, with a deadly weapon by placing a handgun to her head" in violation of V.I. CODE ANN. tit. 14, § 297(2) ["assault in the third degree"]. Count III charges that on January 29, 1999, Williams "did use threats and intimidation against Brendaly Nazario, who had provided information to law enforcement personnel at the Virgin Islands Police Department responsible for investigating offenses that [Williams] committed a felony; to wit, the assault of Brendaly Nazario on or about December 2, 1998" in violation of 14 V.I.C. 1510(a)(2) ["territorial witness tampering"].

Williams argued that this Court must void the indictment handed up by the grand jury because: (1) he cannot be prosecuted for the federal and territorial charges amounting to the same offense since there is a "single sovereign" in the Virgin Islands; (2) Count I and Count III charge the same offense and are "multiplicitous;" (3) unwarranted "federalization" of the underlying local offense of domestic violence violates his constitutional rights; and (4) he is being selectively prosecuted in federal court for a local domestic violence case, whereas other law enforcement officers, both local and federal, are prosecuted in Territorial Court.

## II. ANALYSIS

■ At least two of the defendant's arguments involve the unique jurisdiction of the District Court of the Virgin Islands. While this Court no longer exercises any independent original jurisdiction over the trial of Virgin Islands criminal offenses, it has limited or special "supplemental" jurisdiction concurrently over those territorial criminal offenses that grow out of conduct that also offends the federal criminal law. Thus, where the District Court already has jurisdiction over a defendant because his conduct allegedly violated federal criminal law, the Revised Organic Act gives the Court concurrent jurisdiction to try that defendant for violations of Virgin Islands criminal law "which are of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions connected together or constituting part of a common scheme or plan." REV. ORG. ACT § 22(c), 48 U.S.C. § 1612(c). This is precisely the circumstance in which defendant Williams finds himself.

As much as it offends the defendant and his supporters, this remnant of local Virgin Islands criminal jurisdiction must be retained by the district court because of the Supreme Court's interpretation of the double jeopardy clause as applied to territories of the United States. Although the double jeopardy clause of the Fifth Amendment guarantees that no person shall "be twice put in jeopardy of punishment,"[1] both a State and the United States nevertheless separately may prosecute, convict, and punish an individual for the very same conduct. Thus, one who commits a criminal act in a state of the union may offend two sovereigns, the sovereign state in which the act was committed and the United States government, both of which may punish that act. This rule of law, known as the "dual sovereign doctrine," does not apply to criminal prosecutions in the Virgin Islands, however, since a territory has no inherent sovereign power.[2]

---

[1] The double jeopardy clause is made applicable to the Virgin Islands by section 3 of the Revised Organic Act, 48 U.S.C. § 1561.

[2] *See U.S. v. Wheeler*, 435 U.S. 313, 321, 55 L. Ed. 2d 303, 98 S. Ct. 1079 (1978) (territorial government acts as an agency of the federal government in prosecuting locally enacted offenses); *U.S. v. Sanchez*, 992 F.2d 1143, 1150 (11th Cir.) (source of prosecutorial

## A. "Single Sovereign" and Improper "Federalization" Arguments

■ While the Court might tend to agree that the rule is outdated and insulting to the government and people of the Virgin Islands, under current Supreme Court doctrine, the United States is the only sovereign in the Virgin Islands. Thus, both the Virgin Islands Attorney General and the United States Attorney cannot both prosecute local and federal offenses, respectively, arising out of the same acts in the Virgin Islands. Where a person commits an act which violates the criminal laws of both the Virgin Islands and the United States, it is fully within the authority granted by the Revised Organic Act for the United States Attorney to prosecute both the local and federal charges in the District Court of the Virgin Islands.[3] Indeed, the defendant's "single sovereign" argument cuts against, not in favor of, his motion to dismiss.

■ Similarly, the defendant's argument of improper federalization must fail. He contends that prosecuting him in District Court for the territorial third degree assault charge (Count II) and territorial witness tampering (Count III) amounts to an unconstitutional federalization of what should be strictly local crimes growing out of domestic violence prosecuted by the Virgin Islands Attorney General in the Territorial Court. As explained above, the prosecution of the defendant in this Court for these three offenses

authority for both the courts of territory and federal district court is Congress), modified, 3 F.3d 366 (11th Cir. 1993); *Government of the Virgin Islands ex rel. Jackson Robinson v. Schneider*, 893 F. Supp. 490, 495 (D.V.I. 1995) ("Double jeopardy clause forbids successive prosecutions in a federal and territorial court for the same criminal act."). But *see Harris v. Boreham*, 233 F.2d 110, 113-14 (3d Cir. 1956) (Congress may create a government for the Virgin Islands with an autonomy similar to that of a State, including attributes of sovereignty, *e.g.*, the laws enacted by the legislature of the Virgin Islands are territorial laws and not laws of the United States.); *Jackson v. West Indian Co.*, 35 V.I. 269, 944 F. Supp. 423, 428 (D.V.I. 1996) ("The Virgin Islands is more analogous to a state government than to an appendage of the federal government.").

[3] This conclusion that this prosecution is fully authorized under the Revised Organic Act also disposes of defendant's suggestion that the indictment must be dismissed because his prosecution would result in an "impermissible increase in the burden on the judicial system and a usurpation of judicial authority." (Mot. to Dismiss at 37.) Moreover, an overcrowded docket alone can never be an excuse for dismissing a criminal case. Defendant also argues that the federal Violence Against Women Act, 18 U.S.C. § 2266, is unconstitutional under the analysis presented in *United States v. Lopez*, 514 U.S. 549, 131 L. Ed. 2d 626, 115 S. Ct. 1624 (1995). Since he has not been charged under section 2266, no discussion is necessary on this point.

is fully within the prosecutorial and judicial structure established by Congress to govern the Virgin Islands because he is also charged with a federal offense arising out of the same events.

As stated from the bench, this Court does not relish having this case before it as two of the three charges could well be handled in the Territorial Court. However, because a federal charge arising out of these acts has been brought, there is no legal authority for the Court to dismiss the indictment merely because the defendant, or even the Court, would rather it be tried in the Territorial Court.

## B. "Multiplicity" Argument

The counts of an indictment are multiplicitous only if each has the same statutory elements, or if one count has all of the same elements save one or two (*i.e.*, is a lesser included offense of another). This Court must determine "1) if the territorial offense required proof of an additional fact which the particular federal offense did not, or 2) if the federal offense required proof of additional fact which the territorial offense did not." *United States v. Blyden*, 930 F.2d 323, 328 (3d Cir. 1991) (applying *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 52 S. Ct. 180 (1932)).

■ A cursory review of the statutory elements of each of the three charges conclusively demonstrates that none is multiplicitous of either of the others: Count I charges hindering the reporting of the "commission of a **federal** offense," which is not required for the territorial offense alleged in Count III. Similarly, federal witness tampering requires **harassment to prevent** reporting the crime, whereas local witness tampering requires **threats and intimidation after** the victim has reported the crime. And none of the elements of the assault charge in Count II are included in either of Counts I or II. The indictment is therefore not multiplicitous. Most significantly overlooked by the defendant, any multiplicity in the Counts the defendant might be convicted of would be cured "by imposing a general sentence for the potentially multiplicitous counts." *Blyden*, 930 F.2d at 328.[4]

## C. "Selective Prosecution" Argument

The Supreme Court has instructed on the very broad discretion

---

[4] "The consistent practice in this Circuit to remedy multiplicitous convictions that may implicate the Double Jeopardy clause is to require trial judges to impose a general

vested in the prosecutor to determine what charge to file against one whom there is probable cause to believe has committed a crime, and has listed the reasons why judges must be very hesitant to second guess the prosecutor's exercise of this broad discretion:

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute. "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.

*Wayte v. United States*, 470 U.S. 598, 606, 84 L. Ed. 2d 547, 105 S. Ct. 1524 (1985)(citations omitted).

---

sentence for all of said convictions." *United States v. Blyden*, 930 F.2d 323, 328 (3d Cir. 1991). The Court of Appeals had earlier ruled that a

multiplicitous indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause. The interest protected by the Double Jeopardy Clause in this multiple punishment context is confined to "ensuring that the total punishment did not exceed that authorized by the legislature."

*United States v. Pollen*, 978 F.2d 78, 83 (3d Cir. 1992) (citations omitted).

The Supreme Court, however, recognized that, "although prosecutorial discretion is broad, it is not 'unfettered.' Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints.'" *Id.* at 608 (quoting *United States v. Batchelder*, 442 U.S. 114, 125, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979)). Relying on *Wayte*, the United States Court of Appeals for the Third Circuit has found that no selective prosecution "claim lies unless [the defendant] can make out a difficult prima facie showing that [he] was selected for prosecution for an invidious reason such as [his] race, [his] religion, or [his] exercise of constitutional rights." *United States v. Bell*, 113 F.3d 1345, 1351 n.6 (3d Cir. 1997). Put another way,

to establish a defense of discriminatory prosecution the criminal defendant must demonstrate two factors. First, defendant "must provide evidence that persons similarly situated have not been prosecuted." Second, defendant "must show that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent [the] exercise of a fundamental right."

*Holder v. City of Allentown*, 987 F.2d 188, 197 n.3 (3d Cir. 1993). The burden is on the defendant. *See United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989).

In reply to the government's opposition to the motion, the defendant included as his only exhibit a "List of Virgin Islands Police Officers That Have Been Arrested And [sic] With Domestic Violence Locally," which names seven police officers arrested between January 1995 and June 1999 and their charges. For five of the officers, only the offenses are listed, *e.g.*, aggravated assault and battery, with no description of the victims or underlying facts. Only slightly more information is included for the other two, who were charged in May and June of this year, after this defendant was arrested. Both involved officers whose spouses were also police officers. One "assaulted his wife" and the other "fired three shots into a vehicle being operated by her boyfriend."

The defendant utterly has failed to show on these very sketchy facts that any of these seven cases involved either harassment to

400

keep the victim from reporting the crime (the federal charge in Count I) or threats and intimidation after the victim reported the assault (the local charge in Count III). He thus has not carried his burden of demonstrating the necessary prerequisite to a case of selective prosecution, namely, that these other officers could have been but are not being prosecuted for the federal crime of intentionally harassing the victim to hinder, prevent, or dissuade him or her from reporting the possible commission of a federal offense.

■ Just as importantly, the defendant has not seriously suggested **any** improper motive in his prosecution. There is no hint in the record that the defendant is being prosecuted federally in the District Court of the Virgin Islands rather than the Territorial Court of the Virgin Islands because of his race or religion or to prevent his exercise of a fundamental constitutional right. None of the four grounds defendant has set out in support of his allegation of selective prosecution even approaches the "invidious reason" he must demonstrate, *i.e.*, (1) not the "arbitrary and capricious action of federal prosecutors" intruding on local matters "simply because, historically, this conduct has gone unchallenged," (2) not the precarious financial condition of the Government of the Virgin Islands has lead to "improper federalization of local prosecutions," (3) not the efforts of the United States Attorney to increase its "prosecution statistics," and (4) not the supposed greater punishment available under a federal prosecution.[5]

The defendant has not shown that he is being selectively prosecuted.

## III. CONCLUSION

For these reasons, the motion to dismiss was denied.

### ORDER

For the reasons stated in the foregoing Memorandum and from the Bench on July 21, 1999, it is hereby

---

[5] The maximum sentence for Count I is a fine of $25,000 and/or one year imprisonment. The maximum sentence under Count II is a fine ranging from $500 to $3,000 and/or five years imprisonment. The maximum sentence under Count III is a $2,000 fine and/or ten years imprisonment.

ORDERED that the defendant's motion to dismiss is DENIED.

ENTERED this 12th day of August, 1999.