# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3826

———————

United States of America,     *
                           *

         Appellee,       *

                           *    Appeal from the United States

      v.                     *    District Court for the

                           *    Eastern District of Arkansas.

Dwayne Harold Smith,     *

                           *    **TO BE PUBLISHED**

        Appellant.      *

———————

Submitted: October 6, 2000
Filed: November 21, 2000

———————

Before LOKEN, FAGG, and MAGILL, Circuit Judges.

———————

PER CURIAM.

A jury convicted Dwayne Harold Smith of violating 18 U.S.C. § 1958(a), which prohibits traveling in interstate commerce with intent to commit murder for hire. Because a murder was in fact committed, the district court[1] sentenced Smith to life in prison, and we affirmed. See United States v. Davidson, 122 F.3d 531 (8th Cir. 1997), cert. denied, 523 U.S. 1033 (1998). Smith then moved for post-conviction relief under 28 U.S.C. § 2255. The district court granted the motion and ordered that Smith be

———————

[1]The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

resentenced, concluding that his trial counsel had provided ineffective assistance by failing to argue that he should be sentenced under the version of § 1958 in effect when the offense was committed, which authorized a sentence "for any term of years or for life," rather than under the subsequent amendment to § 1958, which provides that "if death results, [defendant] shall be punished by death or life imprisonment."

Violations of § 1958 are governed by § 2E1.4(a) of the Sentencing Guidelines, which provides for a base offense level of either 32 or "the offense level applicable to the underlying unlawful conduct." At Smith's re-sentencing, the court concluded the underlying offense was first degree murder, resulting in a base offense level of 43 and a mandatory sentence of life in prison. See U.S.S.G. § 2A1.1; U.S.S.G. Ch. 5 Pt. A (sentencing table). Smith appeals, arguing that his base offense level should be 32 because murder was not part of the offense charged in his indictment and therefore "there is no underlying unlawful conduct as contemplated by U.S.S.G. § 2E1.4(a)(2)." Like the district court, we disagree.

The Guidelines provide that "the 'relevant conduct' criteria of § 1B1.3 are to be used" in determining the base offense level "[w]here there is more than one base offense level within a particular guideline." U.S.S.G. § 1B1.2, comment. (n.2). The relevant conduct criteria require the sentencing court to take into account all acts "committed, aided, . . . or willfully caused" by the defendant "during the commission of the offense of conviction." § 1B1.3(a). Here, Smith aided an interstate murder-for-hire that resulted in a murder. Thus, applying the relevant conduct criteria, first degree murder becomes the underlying unlawful conduct for purposes of § 2E1.4(a)(2), whether or not that murder was charged as part of the offense. Because former 18 U.S.C. § 1958(a) authorized and § 2A1.1 of the Guidelines mandates a life sentence when first degree murder results from the § 1958(a) offense, Smith's sentence must be affirmed. Accord United States v. Sanchez, 741 F. Supp. 215, 217 (S.D. Fla. 1990), aff'd, 3 F.3d 366 (11th Cir. 1993), cert. denied, 510 U.S. 1110 (1994); United States

v. Dan, No. 98-1513, 1999 WL 1295930, at *2 (2d Cir. Dec. 27, 1999) (unpublished per curiam), cert. denied, 120 S. Ct. 1843 (2000).

We note that 18 U.S.C. § 1958(a) is structurally rather similar to 18 U.S.C. § 2119, the federal carjacking statute at issue in Jones v. United States, 526 U.S. 227 (1999). In Jones, the Supreme Court held, as a matter of statutory construction, that the sentence-enhancing factors of serious bodily injury and death were elements of separate offenses that "must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." Id. at 232. See also Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Because Smith has not raised the question whether the principles of Jones and Apprendi apply to § 1958(a) murder-for-hire offenses that result in death, we decline to consider that issue.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-