# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3446

_____

United States of America,

   Appellee,

  v.

Glen Thomas Dotson,

   Appellant.

     *
     *
     *
     *   Appeal from the United States
     *   District Court for the
     *   Eastern District of Missouri.
     *
     *
     *

_____

Submitted: June 12, 2009
Filed: July 7, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury found Glen Thomas Dotson guilty of conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958, and conspiracy to deliver a firearm to a convicted felon, in violation of 18 U.S.C. §§ 922(d)(1) and 371. The district court[1] sentenced Dotson to 120 months imprisonment on each count, to run consecutively. Dotson appeals. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

_____

[1] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

I.

Dotson claims there was insufficient evidence for both convictions. This court reviews the sufficiency of evidence de novo, viewing the evidence in the light most favorable to the verdict. ***United States v. Bower***, 484 F.3d 1021, 1025 (8th Cir. 2007). This court will reverse only if it concludes that no reasonable jury could have found the defendant guilty beyond a reasonable doubt. ***United States v. Santana***, 524 F.3d 851, 853 (8th Cir. 2008).

First, Dotson argues that there was insufficient evidence to sustain his conviction for conspiracy to commit murder-for-hire. To prove a conspiracy to commit murder-for-hire, the government must prove that there was an agreement to kill Cox, Dotson knew of the agreement, and Dotson intentionally joined the agreement. *See **United States v. Hyles***, 521 F.3d 946, 954 (8th Cir. 2008). Circumstantial evidence alone can prove the elements of conspiracy. ***Id.*** Evidence that a co-conspirator participated in acts that furthered the conspiracy is substantive evidence of the conspiracy's existence. ***United States v. Titlbach***, 339 F.3d 692, 697 (8th Cir. 2003).

The government presented evidence that Dotson was aware of Jackson's desire to kill Cox, procured and delivered a firearm at Jackson's direction, and knew the ultimate purpose for the firearm. A reasonable jury could conclude:

- Dotson was the "right hand man" of bail bondsman Virgil Lee Jackson.
- Jackson, a convicted felon, had a grudge against Gerald Cox for opposing a Missouri Senate Bill that would permit convicted felons to apply for bail-bond licenses.
- Jackson hired another bail bondsman to kill Cox.

- Dotson conspired with Jackson to procure a weapon for the shooter.
- Dotson acquired a firearm and delivered it to Jackson.

There was sufficient evidence that Dotson conspired to commit murder-for-hire.

Next, as to the conspiracy to deliver a firearm to a convicted felon, Dotson contends that there was insufficient evidence that the weapon at issue was a "firearm" for purposes of 18 U.S.C. § 922(d)(1), and not an "antique firearm." A firearm manufactured in or before 1898 is an antique firearm. **18 U.S.C. § 921(a)(16)(A)**. A government expert testified that the firearm was manufactured in 1900. In addition, an ATF firearms examiner determined that it was likely that the firearm was manufactured in 1900. There was ample evidence that the weapon was not an antique.

## II.

Dotson claims the district court procedurally erred in calculating his advisory sentencing range for the murder-for-hire conviction. Since Dotson failed to make this objection below, this court reviews for plain error. *See **United States v. Burnette***, 518 F.3d 942, 946 (8th Cir. 2008). Dotson was convicted of violating 18 U.S.C. § 1958. The Statutory Index, Appendix A of the Sentencing Guidelines, says that for § 1958 convictions, the corresponding guideline is U.S.S.G. § 2E1.4, which states:

(a) Base Offense Level (Apply the greater):
    (1) 32; or
    (2) the offense level applicable to the underlying unlawful conduct.

-3-

Under subsection (2), the district court cross-applied U.S.S.G. § 2A1.5 for Conspiracy or Solicitation to Commit Murder, which has a base offense level of 33, and a 4-level increase if the offense involved the offer or receipt of anything of pecuniary value for undertaking the murder. The consideration for the proposed murder was additional bail-bond business, which has pecuniary value, bringing the offense level to 37. As 37 is greater than 32, the appropriate base offense level was 37 under § 2E1.4.

Dotson argues that subsection (2) should be applied only if the crime encompassed "underlying unlawful conduct" *in addition to* that required to violate 18 U.S.C. § 1958. Dotson's argument is contrary to the plain language of § 2E1.4(a), which does not contain an additional conduct requirement. As part of an exhaustive analysis of § 1958 cases, Dotson relies on *United States v. Smith*, 232 F.3d 650, 651 (8th Cir. 2000) (per curiam). Smith was also charged with violating 18 U.S.C. § 1958. *Id.* Unlike Dotson, Smith aided a murder-for-hire that resulted in a murder. *Id.* This court determined that first degree murder was the underlying unlawful conduct for purposes of § 2E1.4(a)(2), and affirmed Smith's life sentence. *Id.* at 651-52. *Smith* does not address an "additional conduct" requirement, and like this case, cross-applied the guideline for the underlying unlawful conduct. There is no additional unlawful conduct requirement for applying § 2E1.4(a)(2). The district court did not err in its calculation of Dotson's advisory sentencing range.

III.

The judgment of the district court is affirmed.

_____

-4-