**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4341**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CARLOS JAVIER MEDINA-CASTELLANOS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:05-cr-00155-F-1)

Submitted:  December 1, 2009          Decided:  January 4, 2010

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant.  Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Javier Medina-Castellanos appeals his convictions and sentence following two jury trials on charges of conspiring to commit interstate transportation of stolen property, in violation of 18 U.S.C. § 371 (2006) ("Count One"), and two counts of committing violent crimes in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(3) (2006) ("Counts Three and Four"). At the conclusion of Medina-Castellanos' first jury trial, he was convicted on Counts One and Four. Count Four was based upon a May 2, 2004 home invasion robbery that Medina-Castellanos organized, and in which he participated, against a fellow co-conspirator. After Medina-Castellanos' first jury trial concluded, he was re-indicted for the conduct on which the first jury could not reach a verdict. This indictment also charged Medina-Castellanos with committing a violent crime in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(3) ("Count Two"). Count Two was based upon a February 15, 2004 home invasion robbery that Medina-Castellanos organized, and in which he participated, against a different co-conspirator. At the conclusion of his second jury trial, Medina-Castellanos was convicted on Count Two.

At sentencing, Medina-Castellanos received an advisory guidelines range of 360 months to life imprisonment. However,

the statutory maximum for Counts Four and Two was 240 months and sixty months for Count One. Because the district court sentenced Medina-Castellanos to the statutory maximum sentence for each count and ordered that the sentences be served consecutively, Medina-Castellanos' aggregate sentence of 540 months' imprisonment fell within his advisory guidelines range.

On appeal, Medina-Castellanos challenges the jury convictions, arguing that the district court erred in admitting a letter Medina-Castellanos had written and that the district court erred in allowed his former wife to testify against him. He further raises multiple claims related to his sentence. Finding no reversible error, we affirm.

Medina-Castellanos first argues that the district court erred in admitting, during his first trial, a letter he wrote to his uncle. Medina-Castellanos claims that the letter was not adequately authenticated and that the letter was more prejudicial than probative. This court reviews decisions regarding authentication of evidence under Fed. R. Evid. 901 for abuse of discretion. United States v. Patterson, 277 F.3d 709, 713 (4th Cir. 2002). Medina-Castellanos' claim of prejudice under Fed. R. Evid. 403 is reviewed for plain error as it is raised for the first time on appeal. United States v. Olano, 507 U.S. 725, 732 (1993). Plain error requires a finding that: (1) there was error; (2) the error was "plain;" and (3) the

3

error affected Medina-Castellanos' substantial rights. Id. If the three elements are met, this court may exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. We have reviewed the transcript of the proceedings and find that the letter was properly authenticated and its admission was not unduly prejudicial.

Medina-Castellanos next argues that the district court erred in admitting the testimony of his former wife. To the extent Medina-Castellanos claims his former wife's testimony violated the confidential marital communications privilege, his claim is reviewed for abuse of discretion. See United States v. Singleton, 260 F.3d 1295, 1301 (11th Cir. 2001). To the extent that Medina-Castellanos claims his former wife's testimony violated the adverse spousal testimony privilege, his claim is reviewed for plain error because he did not lodge an objection in the district court on this basis.

The confidential marital communication privilege applies to "[i]nformation that is privately disclosed between husband and wife in the confidence of the marital relationship." United States v. Parker, 834 F.2d 408, 411 (4th Cir. 1987). Medina-Castellanos fails to point to any act to which his former wife testified that would fall within the confidential marital communications privilege. Therefore, his claim fails. See

4

United States v. Acker, 52 F.3d 509, 514-15 (4th Cir. 1995). Also, Medina-Castellanos' adverse spousal testimony claim fails because Medina-Castellanos and his former spouse who testified were divorced at the time of his trials. See United States v. Porter, 986 F.2d 1014, 1018 (6th Cir. 1993).

As to his sentence, Medina-Castellanos first challenges the district court's calculation of his advisory guidelines range with respect to Counts Four and Two. According to Medina-Castellanos, the district court should have calculated his base offense level for Counts Four and Two using U.S. Sentencing Guidelines Manual ("USSG") § 2A2.2, Aggravated Assault, rather than USSG § 2A3.1, Criminal Sexual Abuse. In reviewing a district court's application of the sentencing guidelines, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009).

The district court applied the correct guideline, USSG § 2E1.3, to Counts Four and Two charging Medina-Castellanos with committing violent crimes in aid of racketeering activity. See USSG § 2E1.3; USSG App. A (Statutory Index). According to USSG § 2E1.3, the district court is to apply the higher of either a base offense level of 12 or "the offense level applicable to the underlying crime or racketeering activity." USSG § 2E1.3(a)(1),

5

(2).  Where, as here, more than one base offense level exists within a particular guideline, a district court is to use the relevant conduct criteria in USSG § 1B1.3 to determine the applicable offense level.  United States v. Smith, 232 F.3d 650, 651 (8th Cir. 2000); USSG § 1B1.2, comment. (n.2).

Medina-Castellanos' relevant conduct included the February 15, 2004 and May 2, 2004 robberies during which victims were sexually assaulted.  Thus, the district court's determination that sexual assault is the underlying crime for purposes of USSG § 2E1.3 is well-supported.  See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (upholding the district court's determination under USSG § 2E1.3(a)(2) that the defendant's base offense level was 32 pursuant to USSG § 2A1.5 because the defendant conspired to commit murder even though the defendant was acquitted of murder); see also United States v. Carrozza, 4 F.3d 70, 74 (1st Cir. 1993) (holding that, in determining base offense level in a RICO case, district court should not limit its relevant conduct to predicate acts charged against the defendant, but instead should consider all conduct reasonably foreseeable to the defendant in furtherance of the RICO enterprise).  Accordingly, the district court did not err in determining the offense guideline for Counts Four and Two.

Medina-Castellanos also challenges (1) the two-level USSG § 3B1.1(c) enhancement he received for Counts Four and Two

6

based on his leadership or management role, (2) the two-level enhancement he received pursuant to USSG § 2B1.1(b)(12)(B) for possession of a dangerous weapon for Count One, and (3) the two-level USSG § 3C1.1 enhancement he received for obstructing justice for Counts One and Four.[1] We have reviewed the materials submitted in the appendices and the parties' arguments and conclude that the district court did not err in applying the three challenged enhancements.[2]

Finally, Medina-Castellanos claims that, because there were multiple counts that could not be grouped, the district court should have applied USSG § 5G1.2 rather than USSG § 3D1.4. Two of Medina-Castellanos' convictions were for violations of 18 U.S.C. § 1959(a)(3), which are covered by USSG § 2E1.3 and are specifically excluded from the grouping rules in USSG § 3D1.2. Therefore, the district court properly treated the three counts as separate groups and applied USSG § 3D1.4 in determining Medina-Castellanos' combined offense level.

---

[1] Medina-Castellanos' advisory guidelines range was calculated using the 2006 U.S. Sentencing Guidelines Manual. Section 2B1.1(b)(12)(B) was subsequently renumbered as USSG § 2B1.1(b)(13)(B). See USSG § 2B1.1(b)(13)(B) (2008).

[2] We have reviewed Medina-Castellanos' USSG § 3C1.1 claim for plain error because Medina-Castellanos failed to object to it in the district court

7

Accordingly, we affirm Medina-Castellanos' convictions and sentence. However, we remand the case to the district court for correction of a clerical error in the criminal judgment. See Fed. R. Crim. P. 36. The judgment erroneously indicates that Medina-Castellanos pled guilty to the offenses of conviction. This error does not affect the validity of Medina-Castellanos' convictions or sentences. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED