# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1687

_____

United States of America

*Plaintiff - Appellee*

v.

Lee D. Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 14, 2014
Filed: June 19, 2014

_____

Before RILEY, Chief Judge, LOKEN and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Lee Smith appeals the sentence he received for being convicted of use of interstate facilities in the commission of murder-for-hire, challenging the district

court's[1] application of the base offense level associated with solicitation to commit murder when calculating the advisory guidelines range. We affirm.

I

On May 4, 2012, Smith, seeking someone to kill his wife, made an unsolicited phone call to an individual who, unbeknownst to Smith, was working as a criminal informant with the Bureau of Alcohol, Tobacco, and Firearms. The informant recounted the call to law enforcement officials, who instructed the informant to pretend to cooperate with Smith.

On May 9, 2012, Smith met the informant at a bus station in Kansas City, Missouri. Smith drove the informant to his wife's place of business in Overland Park, Kansas, where Smith provided the informant with information about his wife. Smith then offered the informant money to kill his wife. After some negotiation, Smith and the informant agreed to a price of $1500 for the act. Smith then drove the informant back to the bus station in Kansas City, Missouri.

Two days later, the informant called Smith to falsely report he had killed Smith's wife. Smith went to the local police to report his wife missing. While interviewing Smith, the police told him they were aware of Smith's plans to hire someone to kill his wife. Smith eventually confessed to hiring the informant.

The government charged Smith with one count of using a facility in interstate commerce in the commission of murder-for-hire in violation of 18 U.S.C. § 1958(a). Smith pleaded guilty pursuant to a plea agreement in which the parties contemplated a sentencing range of 87 to 108 months. The parties calculated their contemplated

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

range using a base offense level of 32 under United States Sentencing Guidelines (U.S.S.G.) § 2E1.4(a)(1).

The presentence investigation report (PSR), however, recommended a guidelines range of 151 to 188 months. In arriving at the recommended range, the PSR applied U.S.S.G. § 2E1.4(a)(2). Section 2E1.4(a)(2) directs a court imposing a sentence for a conviction of 18 U.S.C. § 1958(a) to apply the higher of the base level under U.S.S.G. § 2E1.4(a)(1) or the base level associated with all of the proven underlying unlawful conduct. U.S.S.G. § 2E1.4(a)(2). The proven underlying unlawful conduct in this case included Smith soliciting the informant to commit murder, causing the informant to travel in interstate commerce with the intent a murder be committed in exchange for money, and actually offering money to the informant. Cross-referencing to U.S.S.G. § 2A1.5(b)(1), which is associated with such conduct, the PSR calculated Smith's base offense level as 37, which resulted in the higher recommended guidelines range.

The district court sentenced Smith using the guidelines calculations recommended by the PSR, but varied downward, ultimately sentencing Smith to 96 months of incarceration. Smith now appeals, challenging the application of U.S.S.G. §§ 2E1.4(a)(2) and 2A1.5(b)(1) in calculating his sentence.

II

On appeal, Smith argues the district court erred in applying U.S.S.G. §§ 2E1.4(a)(2) to cross reference to U.S.S.G. § 2A1.5(b)(1) to calculate the base offense level for his sentence. We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005).

Smith first contends his crime, use of an interstate facility in the commission of murder-for-hire in violation of 18 U.S.C. § 1958(a), will always involve soliciting someone to commit murder for pecuniary gain, which will always trigger the use of a higher base offense level pursuant to U.S.S.G. §§ 2E1.4(a)(2) and 2A1.5(b)(1). He argues that, as such, no one convicted for violating 18 U.S.C. § 1958(a) will ever be sentenced according to the base offense level set forth in U.S.S.G. § 2E1.4(a)(1), thus rendering U.S.S.G. § 2E1.4(a)(1) superfluous. See Chickasaw Nation v. United States, 534 U.S. 84, 85 (2001) (referring to the canon of construction in favor of giving effect to every word of a statute). We disagree.

To be convicted of violating 18 U.S.C. § 1958(a) an individual need only travel or use a facility of interstate commerce, or cause another to do so, *intending* a murder be committed for hire. Although an offer of something of value in exchange for the commission of murder will be made at some point, 18 U.S.C. § 1958(a) does not require that the offer have been made or accepted before the statute is violated. As a violation of 18 U.S.C. § 1958(a) does not require the unlawful conduct involve an offer or receipt of something of pecuniary value per se, U.S.S.G. § 2E1.4(a)(1) is not superfluous.

Smith next contends that, in order to apply U.S.S.G. § 2E1.4(a)(2), a court must base the cross-reference on conduct beyond that forming the basis of the conviction under 18 U.S.C. § 1958(a). We have previously considered and rejected this argument. See United States v. Dotson, 570 F.3d 1067, 1069 (8th Cir. 2009) (rejecting the "additional required conduct" argument as contrary to the plain meaning of the text of the statute).

III

The judgment of the district court is affirmed.

_____

-4-