STATE OF MAINE                                  BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                                 DOCKET NO. BCDWB-CV-2019-02


CORE FINANCE TEAM AFFILIATES,    )
LLC,                             )
                                 )
        Plaintiff                )
                                 )
v.                               )
                                 )        ORDER DENYING CROSS
MAINE HOSPITAL ASSOCIATION,      )        MOTIONS FOR SUMMARY
INC., MAINE MEDICAL CENTER,      )        JUDGMENT
SOUTHERN MAINE HEALTH CARE       )
and FRANKLIN MEMORIAL HOSPITAL,  )
                                 )
        Defendants               )


Plaintiff Core Finance Team Affiliates, LLC ("Core Finance") and the three Defendant hospitals (Maine Medical Center, Southern Maine Health Care, and Franklin Memorial Hospital) as a group (the "Hospitals") have each filed cross Motions for Summary Judgment on Count I of the Complaint. Count I alleges breach of contract.[1] Core Finance and the Hospitals each assert there are no genuine disputes of material fact as to their respective Motions, but dispute the facts as to the other party's Motion. The Court heard oral argument on the Motions on June 28, 2021 via Zoom. Core Finance was represented by Lee Bals, Esq., and the Hospitals were represented by Kyle Noonan, Esq. and Eric Wycoff, Esq. The Court concludes that each Motion for Summary Judgment is plagued by genuine issues of material fact, and thus the Court denies both Motions.

---

[1] The Complaint contains two counts. Count II alleges unjust enrichment.

1

FACTS

Many of the facts material to Count I are undisputed. Indeed, the parties have stipulated to forty basic Statements of Material Fact. However, those facts alone are not sufficient to decide the Motions. Accordingly, each party has necessarily submitted Statements of Material Fact which go beyond the stipulated facts. This is where the problems begin, since many of the Statements of Material Fact that are not stipulated are disputed.

The facts that each party is trying to establish pertain to Exhibit E to the final Engagement Letter dated June 10, 2014. Exhibit E provides as follows: "MHA will provide a listing of the providers who elect to participate in the Occupational Mix Survey review. CFT will be responsible for confirming the provider(s) participation and directly bill the provider for those services." Several questions emerge from Exhibit E. Did MHA provide a list of the hospitals who elected to participate in the Occupational Mix Survey review? Did Core Finance confirm the hospitals' participation? Did the hospitals signal their agreement to participate in the Occupational Mix Survey review? Did the various personnel who responded on behalf of the hospitals have authority to bind the hospitals? The answers to all these questions are hotly disputed. Specifically, Core Finance disputes or materially qualifies the Hospitals' Statements of Material Fact ¶¶ 25, 26, 28, 29, 35, 40, 42, and 44. Conversely, the Hospitals dispute or materially qualify Core Finance's Statements of Material Fact ¶¶ 5, 7, 11, 12, 13, 14, 16, 17, 18 and 20.

STANDARD OF REVIEW

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4,

2

770 A.2d 653. A genuine issue of material fact exists when a factfinder must choose between competing versions of the truth, even if one party's version appears more credible or persuasive. *Id.* A fact is material if it has the potential to affect the outcome of the suit. *Id.* Cross motions for summary judgment "neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment per se." *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646 (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

ANALYSIS

Although some of the material facts in this case are undisputed, many of the key material facts pertaining to Exhibit E remain contested. Under the circumstances, it is not possible to decide the fate of Count I on summary judgment.

CONCLUSION

For all these reasons, the parties' cross Motions for Summary Judgment on Count I are both denied.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated: June 28, 2021

_____
Michael A. Duddy
Judge, Business and Consumer Docket

3

*Core Finance Team Affiliates, LLC*

      *Plaintiffs*

*v.*

*Maine Hospital Association, Inc.*
*Maine Medical Center,*
*Southern Maine Health Care,*
*and Franklin Memorial Hospital*

      *Defendants*


| Party Name: | Attorney Name: |
| --- | --- |
| *Core Finance Team Affiliates, LLC* | Lee Bals, Esq.<br>**Marcus Clegg**<br>16 Middle Street<br>Portland, ME 04101 |
| *Maine Hospital Association, Inc.* | Rachel Wertheimer, Esq.<br>**Verril Dana**<br>One Portland Square<br>Portland, ME 04101 |
| *Maine Medical Center,*<br>*Southern Maine Health Care,*<br>*and Franklin Memorial Hospital* | Eric Wycoff, Esq.<br>Kyle Noonan, Esq.<br>**Pierce Atwood**<br>Merrills Warf<br>254 Commercial St<br>Portland, Me 04101 |

CORE FINANCE TEAM AFFILIATES,  )  
LLC,                            )  
                                )  
    Plaintiff                )  
                                )  
v.                              )  
                                )  
                                )      ORDER GRANTING MAINE  
MAINE HOSPITAL ASSOCIATION,     )      HOSPITAL ASSOCIATION'S  
INC., MAINE MEDICAL CENTER,      )      MOTION TO COMPEL  
SOUTHERN MAINE HEALTH CARE       )      ARBITRATION AND FOR STAY  
and FRANKLIN MEMORIAL HOSPITAL,  )      OF PROCEEDINGS  
                                )  
    Defendants               )

Plaintiff Core Finance Team Affiliates, LLC ("CFT") has filed a Complaint alleging that Defendants Maine Hospital Association, Inc. ("MHA"), Maine Medical Center, Southern Maine Health Care and Franklin Memorial Hospital have committed a breach of contract (Count 1) and unjust enrichment (Count 2). MHA filed a Motion to Compel Arbitration and For Stay of Proceedings, and that Motion is now pending before the Court. The Court heard oral argument on the motion on February 27, 2019 in Portland, Maine. MHA was represented by Rachel Wertheimer, Esq.; Maine Medical Center, Southern Maine Health Care and Franklin Memorial Hospital by Eric Wycoff, Esq.; and CFT was represented by Lee Bals, Esq. For the reasons below, the Court grants the Motion to Compel Arbitration and For Stay of Proceedings.

## FACTS

MHA is a signatory to an Agreement with CFT that contains Dispute Resolution Procedures, including both mediation and arbitration clauses. The mediation clause states in part that:

1

> A party shall submit a dispute to mediation by written notice to the other party or parties.
>
> . . .
>
> If the parties have not resolved a dispute within 90 days after written notice beginning mediation (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute shall be settled by arbitration. In addition, if a party initiates litigation, arbitration, or other binding dispute resolution process without initiating mediation, or before the mediation process has terminated, an opposing party may deem the mediation requirement to have been waived and may proceed with arbitration.

(Compl. Ex. A, Ex. D of the Agreement, at 1.) The arbitration clause selects arbitration by the Institute for Conflict Resolution and Prevention ("CRP"), and states in part that:

> The arbitration will be conducted in accordance with the procedures in this document and the CRP Rules for Non-Administered Arbitration ("Rules") as in effect on the date of the Agreement, or such other rules and procedures as the parties may agree. In the event of a conflict, the provisions of this document will control.

(Compl. Ex. A, Ex. D of the Agreement, at 1.)

On August 1, 2018, counsel for CFT sent a letter to MHA stating there was a dispute with the Occupation Mix Survey services provided and that the letter was serving "as written notice that this dispute is being submitted to mediation, and constitutes the beginning of the mediation process." (Compl. Ex. B.) In response, MHA sent a response on August 15, 2018, acknowledging the receipt of CFT's notice of mediation and stating that MHA was "unaware of any allegation by CFT that MHA has not fully met its contract deliverables or that MHA owes CFT any money." (MHA's Resp. Ex. A.) MHA's letter also stated that it "is not subject to mediation proceedings with CFT regarding any provider's participation in the Occupational Mix Survey Review or any billing disputes related to those services," and cannot respond to the request on who should be the mediator. MHA does not dispute that it is bound by the terms of the arbitration agreement.

2

STANDARD OF REVIEW

The Law Court reviews a trial court's decision to deny a motion to compel arbitration "for errors of law and for facts not supported by substantial evidence in the record." *Saga Communs. of New England, Inc. v. Voornas*, 2000 ME 156, ¶ 7, 756 A.2d 954.

ANALYSIS

In *Saga Communs. of New England, Inc.*, the Law Court explained that when the facts "upon which waiver is based are not in dispute, the determination of whether a party has waived its contractual right to arbitration is a question of law" for the Court to decide. *Id.* ¶ 7. However, after *Voornas* was decided, the U.S. Supreme Court decided *Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002). In *Howsam*, the Supreme Court was called upon to determine whether it was for a court or arbitrator to determine arbitrability based upon the time-limit arbitration rule of the National Association of Securities Dealers. *Id.* at 81. The Court found that the applicability of the time limit rule was a matter "presumptively for the arbitrator, not for the judge." *Id.* at 85. The Court clarified that while "a gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide," procedural questions "'which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide." *Id.* (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). The Court specifically noted that waiver, delay or a like defense are procedural questions presumptively for the arbitrator to decide. *Id.* The Court reasoned that "in the absence of any statement to the contrary in the arbitration agreement, it is reasonable to infer that the parties intended the agreement to reflect that understanding." *Id.*

Based on *Howsam*, the First Circuit in *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638

3

F.3d 367 (1st Cir. 2011), applied the presumptive approach to procedural issues outlined by the Supreme Court. In that matter there was an arbitration clause which the parties agreed was subject to the provisions of the Federal Arbitration Act, but which arguably required the parties to first "use good faith negotiations." *Id.* at 371. The First Circuit found that it need not determine whether the arbitration clause established a condition precedent since, "assuming arguendo that the Arbitration Clause establishes such a pre-condition to arbitration, Appellants have not rebutted the presumption that the arbitrator should decide whether the parties complied with such a procedural pre-requisite to arbitration." *Id.* at 383. The Court thus treated the matter of whether the parties complied with a pre-requisite to arbitration as an issue for the arbitrator to decide. *Id.*

The Law Court generally follows federal arbitration cases decided under the Federal Arbitration Act. *See Voornas*, 2000 ME 156, ¶ 11, 756 A.2d 954 (quoting *Moses B. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). In this matter, the arbitration clause at issue states in relevant part that: "Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of any of these procedures, shall be governed by the Federal Arbitration Act and resolved by the arbitrators." (Compl. Ex. A, Ex. D of the Agreement, at 1.) At oral argument CFT made a compelling argument that by refusing to engage in mediation MHA had waived its contract right to compel arbitration. Nevertheless, given the *Howsam* decision and the express language of the arbitration clause agreed to by CFT, CFT has not rebutted the presumption that the waiver issue is for the arbitration panel to decide.

For all the foregoing reasons, MHA's motion to compel arbitration and stay the proceedings (only as to MHA) is granted. If the arbitration panel concludes MHA has

4

waived its contract right to compel arbitration, CFT can file a motion with the Court to lift the stay.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

So Ordered.

Dated: *3-5-2019*

_____
Michael A. Duddy
Judge, Business and Consumer Docket

5